UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PHUC KIN TRAN,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 4:25-CV-04259-CBK<br><br>ORDER DENYING PETITION FOR WRIT OF CORAM NOBIS |

    Petitioner pleaded guilty in the District of South Dakota to possession with intent to distribute methamphetamine and was sentenced August 2, 2004, to 110 months custody followed by eight years supervised release, 4:03-cr-40113-LLP. The records of the Bureau of Prisons show that petitioner was released from federal custody November 15, 2012. Supervision was transferred to the Northern District of Iowa, 5:13-cr-04105-LTS-KEM. Supervision was terminated December 10, 2019, prior to the expiration date.

    Petitioner has filed a petition for a writ of coram nobis contending that he received ineffective assistance of counsel in connection with his guilty plea. Petitioner contends that counsel failed to advise him of the immigration consequences of his conviction. He states that, on September 22, 2025, the United States Citizenship and Immigration Services denied his application to renew his permanent resident card (Green Card). He was advised that his resident status had been terminated because of the 2004 conviction and that removal proceedings were proceeding.

    A defendant may challenge a federal court conviction and sentence by seeking a writ of coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651, when the defendant is no longer in custody for the applicable conviction. United States v. Camacho-Bordes, 94 F.3d 1168, 1171 n. 2 (8th Cir. 1996). Coram nobis relief is "substantially equivalent" to habeas corpus relief under 28 U.S.C. § 2255. United States v. Camacho-Bordes, 94 F.3d at 1172-73. It is thus appropriate, to the extent warranted by the facts, to apply the

rules applicable to § 2255 proceedings. It is appropriate to conduct an initial consideration as contemplated by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

The United States Court of Appeals for the Eighth Circuit has articulated the standards to be applied in evaluating a request for a writ of coram nobis:

> A writ of coram nobis is an "extraordinary remedy," and courts should grant the writ "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character." Accordingly, a petitioner must show a compelling basis before coram nobis relief will be granted and the movant "must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis."

United States v. Camacho-Bordes, 94 F.3d at 1173 (internal citations omitted). "A third element that appears in many cases, and is assumed in others, requires the defendant to show he presently suffers adverse legal consequences which stem from the conviction he is challenging. United States v. Rice, 379 F.Supp.2d 1007, 1010 (S.D. Iowa 2005). The Supreme Court, in Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996), has found that, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of coram nobis] would be necessary or appropriate."

Petitioner relies upon the United States Supreme Court's decision in Padilla v. Kentucky holding that counsel is constitutionally deficient in violation of the Sixth Amendment where counsel fails to inform the non-citizen defendant regarding the risk of deportation as a consequence of the criminal plea. Padilla v. Kentucky, 559 U.S. 356, 374–75, 130 S. Ct. 1473, 1486–87, 176 L. Ed. 2d 284 (2010). The Supreme Court subsequently held, in a coram nobis case, that Padilla announced a new rule of constitutional law that is not retroactive to convictions that were final prior to the Court's 2010 Padialla decision. Chaidez v. United States, 568 U.S. 342, 358, 133 S. Ct. 1103, 1113, 185 L. Ed. 2d 149 (2013). The United States Court of Appeals for the Eighth Circuit has held that Padilla and Chaidez apply to federal convictions. Barajas v. United States, 877 F.3d 378, 384 (8th Cir. 2017).

In order to proceed on a claim that he was denied the effective assistance of counsel, petitioner is required at the outset to show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). Petitioner "must show that counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. at 2064. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Strickland v. Washington, 466 U.S. at 688, 104 S. Ct. at 2065. The alleged failure of counsel to advise petitioner in 2004 of the civil consequences of his conviction does not alone raise a colorable claim for ineffective assistance of counsel in violation of the United States Constitution.

Now, therefore,

IT IS ORDERED that the petition, Doc. 1, for a writ of error coram nobis is summarily denied.

DATED this 13th day of January, 2016.

BY THE COURT:

*[signature: Charles B. Kornmann]*

CHARLES B. KORNMANN
United States District Judge